United States District Court
Middle District of Florida
Jacksonville Division

**ALFRED SPAULDING,**

    *Plaintiff,*

V.                                                    NO. 3:20-CV-533-TJC-PDB

**SHAD HAYNES AND
HANSEN & ADKINS AUTO TRANSPORT, INC.,**

    *Defendants.*

# Order

Before the Court is Alfred Spaulding's motion to compel Shad Haynes to respond to discovery requests, compel him to appear for a deposition, and extend expert deadlines.[1] Doc. 18.

According to Spaulding and undisputed by Haynes, Spaulding served Haynes with interrogatories and requests for production on September 1, 2020. Doc. 18 at 1. (Spaulding references exhibits, *see* Doc. 18 at 1, but none are attached.) Spaulding contacted Haynes about the overdue responses on October 21 and November 20, 2020, to no avail. Doc. 18 at 1. Haynes's deposition had been scheduled for November 4, 2020; Haynes canceled the deposition; and Haynes provided no alternative deposition dates. Doc. 18 at 1. Spaulding asks the Court to "extend[] the pretrial deadlines regarding liability experts," compel Haynes to respond to discovery requests, compel Haynes to

---

[1]For future filings, Spaulding should review the new Local Rules, effective February 1, 2021, including Local Rule 1.08 on typography.

appear for a deposition within fifteen days, and award "any appropriate sanctions or other relief[.]" Doc. 18 at 2.

Haynes responds that he provided the discovery requests the day he responded to the motion to compel (February 16, 2021) and has offered at least three deposition dates in March and early April. Doc. 19 at 1–2. He explains the delay was not intentional; his counsel's office suffered a "significant" coronavirus outbreak and was particularly short-staffed in December 2020 and January 2021. Doc. 19 at 2. He contends that because Spaulding need not disclose any experts until May, there is ample time to continue discovery and take Haynes's deposition without prejudice to Spaulding. Doc. 19 at 2. He contends no sanctions are warranted. Doc. 19 at 2–3.

A party must respond to interrogatories and requests for production within 30 days of service unless the court orders, or the parties stipulate to, a different response time. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).

If a court grants a motion to compel responses to interrogatories or requests for production, it "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii).

2

On a motion, a court "may" order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[2] Fed. R. Civ. P. 37(d)(3).

Regarding depositions, "An attorney is expected to accommodate the schedules of opposing counsel. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice. If this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling." Middle District Discovery § II.A.1.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Applying these standards here, the Court denies the motion, Doc. 18. No further relief is warranted regarding the interrogatories and requests for production because Haynes has responded to them. Regarding the deposition, Spaulding provides no details on the circumstances of the cancellation, and Haynes has provided potential dates. Circumstances make an award of expenses unjust; leniency is applied because of the outbreak at counsel's office

---

[2]The sanctions under Rule 37(b)(2)(A)(i)–(vi) are "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "striking pleadings in whole or in part," "staying further proceedings until the order is obeyed," "dismissing the action or proceeding in whole or in part," or "rendering a default judgment against the disobedient party."

3

and, more generally, the unprecedented disruption caused by the global pandemic. Still, future compliance with deadlines is expected.

No extension of expert deadlines is warranted at this time; the Court entered the case management and scheduling order only two months ago, and Spaulding has more than two months to provide expert disclosures (May 3). Doc. 16 at 1.

**Ordered** in Jacksonville, Florida, on February 26, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*